## COLUMBIA COUNTY.

JANUARY TERM, 1882, No. 158.                    MARCH 2D, 1882.

## Robins *versus* Beck.

1. A sealed judgment-note provided as follows: "One day after date I promise to pay to the order of S. B. eight hundred dollars, without defalcation, for value received, and I do hereby empower any attorney of any court of record . . . . to appear for me and confess judgment against     as of any term for above sum; with costs of suit and costs of attorney's commission, and release of all errors." *Held*, that the stipulation with respect to attorney's commission did not expire with the death of the obligor.

2. The maxim, *Qui hæret in litera hæret in cortice* applied.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Columbia County.* Case stated by Samuel Beck, against John K. Robins, executor of the estate of Samuel Drum, deceased.

For money loaned, Samuel Drum executed to the plaintiff the following judgment note:

"$800.00.                                        FEBRUARY 3D, 1879.

"One day after date, I promise to pay to the order of Samuel Beck eight hundred dollars, without defalcation, for value received, and I do hereby empower any attorney of any court of record within the United States, or elsewhere, to appear for me and confess judgment against     as of any term for above sum ; with costs of suit and costs of attorney's commission, and release of all errors ; hereby waiving inquisition, and agreeing to condemnation of any property that may be levied upon by any execution, which

[Robins *v.* Beck.]

may issue forthwith on failure to comply with the conditions hereof; also hereby waiving the benefit of exemption laws, or any Act of Assembly relative to executions now in force, or hereafter to be passed.

"Witness my hand and seal,

"SAMUEL DRUM. [SEAL]

"STEPHEN GEARHART."

Drum died March 4th, 1880, and, the note not having been paid, suit was brought upon it against his executor. Arbitrators awarded to the plaintiff $992.96, being the amount of the debt, interest, and attorney's commissions, alleged to be due. From this award the defendant appealed. On the 22d of October, 1881, the defendant paid $950.45, being the amount of the debt, interest, and costs up to that date, but not the attorney's commission. He then filed a plea of *nil debet*.

The Court below, ELWELL, P. J., entered judgment on the case stated for $65.12, the amount of the attorney's commission.

The defendant then took out a writ of error, assigning as error the entry of the above judgment.

*W. H. Rhawn*, for plaintiff in error.

The power to confess judgment, etc., contained in this note, although irrevocable by Drum himself, expired on his death (Lanning *v.* Pawson, 2 Wright, 480 ; Hood *et al. v.* Karper *et al.*, 8 Phila., 163; 2 Kent Com., 644 and 647), and the stipulation in reference to commissions being connected with the power (Hope *v.* Everhart, 20 P. F. Smith, 231 ; Comm. *v.* Conard, 1 Rawle, 253), the commissions fell with it. The learned judge below, upon the authority of Imler *v.* Imler, 9 W. N. C., 196, construed the stipulation "and with costs of attorney's commission," to be the agreement of the debtor, and part of the note. The only question decided in Imler *v.* Imler was as to the proper amount of commissions; what was said outside of that was *obiter dictum*, and so far as it decides this stipulation to be the agreement of the debtor and part of the note, it is in conflict with Hope *v.* Everhart, and Comm. *v.* Conard. In the former case, Williams, J., in deciding the relations of the provisions of the note to those of the power, held them to be separate and distinct, and the stipulation "and with costs of attorney's commission" to be part of the power to confess judgment, etc. In Comm. *v.* Conard, it was held the stay of execution provided for in the power, contained in the bond, was no part of the bond, but part of the power. If, then, the stipu-

[Robins *v.* Beck.]

lation was part of the power, the commissions, or properly the claim for which Beck sues, could only result from the exercise of the power. That having been extinguished by the death of Drum, it is sufficient to refer to Hunt *v.* Rous manier, 8 Wheat., 174; Hartley and Minor's Appeal, 3 Smith, 212; Lightner's Appeal, 1 Norris, 301, to show that the right to commissions fell with it.

*Samuel Knorr* and *L. S. Wintersteen,* for defendant in error.

The true grammatical construction certainly is, that the promise to pay and the power authorizing the entry of judg ment, being connected by the conjunction "and," are both modified by the clause "with costs of suit and costs of attorney's commission," etc.

The obvious intention was to indemnify the creditor for his reasonable expenses for counsel fees in collecting the money, and the plaintiff was entitled to the benefit of this contract, whether payment of the debt is enforced by entering judgment, upon the warrant of attorney, in the lifetime of the obligor, or by means of a suit at law brought either in the lifetime of the obligor, or (as in this case) after his death, and this is in accordance with the decisions of this Court: Imler *v.* Imler, 9 W. N. C., page 196. See, also, Robinson *v.* Loomis, 1 P. F. Smith, page 78; Daly *v.* Maitland, 7 W. N. C., page 103.

MARCH 13TH, 1882.—PER CURIAM: It is clear upon the face of the instrument sued on, that the parties agreed that the attorney's commission should be included in the judgment. The fact that the agreement was contained in the power to confess the judgment, which power was revoked by the death of the defendant, is entirely too refined a point, and falls within the maxim, *qui haeret in litera haeret in cortice.*

Judgment affirmed.